| | |
|---|---|
| Revised: 8/24/12<br>Name, Address, Telephone No. & I.D. No.<br>Law Office of Charles E. Fougeron (SBN 057032)<br>8330 Allison Avenue, Ste. A<br>La Mesa, CA 91942-9378<br>Telephone (619) 464-0440 | |
| **UNITED STATES BANKRUPTCY COURT**<br>SOUTHERN DISTRICT OF CALIFORNIA<br>325 West "F" Street, San Diego, California 92101-6991 | |
| In Re<br>Raquel R. McBurney<br><br>Tax I.D. / S.S. #: 9503        Debtor. | BANKRUPTCY NO. 14-00536 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEY
### (Consumer Case)

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. It is also important for debtors to know the costs of attorneys' fees through the life of a plan. To assure that debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the following rights and responsibilities provided by the United States Bankruptcy Court are hereby agreed to by the debtors and their attorney. (Nothing in this agreement should be construed to excuse an attorney from any ethical duties or responsibilities under Federal Rule of Bankruptcy Procedure 9011.)

**UNLESS THE COURT ORDERS OTHERWISE,**

*The debtor shall:*

1. Provide accurate financial information.
2. Provide information in a timely manner.
3. Cooperate and communicate with the attorney.
4. Discuss with the attorney the debtor's objectives in filing the case.
5. Keep the trustee and attorney informed of the debtor's address and telephone number.
6. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
7. Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
8. Let the attorney know immediately if the debtor is sued before or during the case.
9. Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.
10. Contact the attorney before buying, refinancing, or selling real property or before entering

        into any long-term loan agreements to find out what approvals are required.
11.    Pay any filing fees and filing expenses that may be incurred directly to the attorney.
12.    Pay appropriate attorney's fees commensurate with this agreement and the United States Bankruptcy Court Guidelines regarding Chapter 13 Attorney Fees. If a court order is entered regarding attorney's fees, fees should be paid in accordance with the court's order.

***To receive $2,500 which is within the United States Bankruptcy Court's parameters for "initial fees," the attorney shall:***

1. Meet with the debtor to review the debtor's assets, liabilities, income and expenses.
2. Analyze the debtor's financial situation, and render advice to the debtor in determining whether to file a petition in bankruptcy.
3. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
4. Explain to the debtor how the attorney's fees and trustee's fees are paid.
5. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims with accrued interest.
6. Explain to the debtor how, when, and where to make the chapter 13 plan payments.
7. Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed.
8. Advise the debtor of the requirement to attend the § 341(a) Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.
9. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
10. Timely prepare, file and serve the debtor's petition, plan, schedules, statement of financial affairs, and any necessary amendments thereto, which may be required.
11. Provide an executed copy of the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys and a copy of the Court's Guidelines regarding Chapter 13 Attorney Fees to the debtor.
12. Appear and represent the debtor at the § 341(a) Meeting of Creditors, the confirmation hearing, and any adjourned hearing thereof.
13. Respond to the objections to plan confirmation, and where necessary, prepare, file and serve an amended plan.
14. Provide Certification of Eligibility for Discharge pursuant to Local Bankruptcy Rule 4004-1.
15. Provide such other legal services as are necessary for the administration of the case before the Bankruptcy Court, which include, but are not limited to, a continuing obligation to assist the debtor by returning telephone calls, answering questions and reviewing and sending correspondence.

***Additional services may be required, but are not included in the "initial fees" of $3,600. If necessary and when appropriate, the attorney, at the debtor's request and only with the debtor's cooperation, shall provide the following services for "additional fees" described below:***

1. Prepare, file and serve necessary modifications to the plan post-confirmation, which may include suspending, lowering or increasing plan payments.
2. Prepare, file and serve necessary motions to buy, sell or refinance real property and authorize use of cash collateral or assume executory contracts or unexpired leases.
3. Object to improper or invalid claims.
4. Represent the debtor in motions for relief from stay.
5. Prepare, file and serve necessary motions to avoid liens on real or personal property.
6. Prepare, file and serve necessary oppositions to motions for dismissal of case.

7.     Provide such other legal services as are necessary for the administration of the case before the Bankruptcy Court, which include but are not limited to, presenting appropriate legal pleadings and making appropriate court appearances.

***Should additional services be provided and "additional fees" requested, the attorney shall:***

1.     Provide proper notice in accordance with Federal Rule of Bankruptcy Procedure 2002.
2.     Advise the debtor of all "additional fees" requested and file a declaration with the court stating that counsel has so advised the debtor of the fees requested and the debtor has no objection to the requested fees.

The "Guidelines Regarding Chapter 13 Attorney Fees" provide for "additional fees" within the United States Bankruptcy Court's parameters for "additional fees" in the following amounts and include all court appearances required to pursue described actions:

### Modified Plan (Post-Confirmation)      $650

for fees and expenses for services rendered post-confirmation for preparing, filing, noticing, and attending hearings in regard to a debtor's modified plan under section 1329 of the Bankruptcy Code (including the preparation of amended income and expenses statements and providing proof of income). (These fees should be less for modification due to clerical error or other administrative issues.)

### Opposition to Motions for Relief from Stay

| | | |
|---|---|---|
| $490 | (Personal property) | for fees and expenses of all services rendered in |
| $625 | (Real property) | opposition to motions to modify or vacate automatic stay. |

### Obtaining Orders re: Sale or Refinance of Real Property

$545     (By stipulation or noticed hearing)     for fees and expenses of all services rendered for order authorizing the sale or refinancing of real estate.

### Objections to Claim

| | | |
|---|---|---|
| $270 | (Uncontested objections without hearing) | for fees and expenses of all services rendered for preparing, filing and noticing objections |
| $380 | (Contested objections with a hearing) | to a claim. (Fees shall not exceed 50% of the amount the trustee would have otherwise paid.) |

### Oppositions to Dismissal/Motions to Avoid Lien/Other Routine Pleadings      $490

for fees and expenses of all services rendered for preparing, filing, noticing, and attending hearings in opposition to a motion to dismiss the case, for motions to avoid lien and other routine pleadings.

3

### Motions to Value Real Property, Treat Claim as Unsecured and Avoid Junior Lien (Lien Strips)     $625

for fees and expenses of all services rendered for preparing, filing, noticing, and attending hearings when there is opposition to a motion to value real property, treat claim as unsecured and avoid junior lien.

### Motions to Impose/Extend Automatic Stay

$380  (Unopposed)          for fees and expenses of all services rendered for
$545  (Opposed)            preparing, filing, noticing and attending hearings in regard to a motion to impose/extend automatic stay.

### Novel and Complex Motions and Oppositions to Motions

These types of motions and oppositions may be billed at hourly rates and counsel shall file a fee application in compliance with Rules of 2002 and 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2002 and 2016.

Initial fee charged in this case is $ 2,500

All post-filing fees shall be paid through the plan, unless the court orders otherwise. The attorney may not receive fees directly from the debtor other than the initial retainer, unless the court orders otherwise. All "additional fees," as described above, may only be paid upon court authorization after compliance with the "Guidelines Regarding Chapter 13 Attorney Fees." The attorney may seek fees above the additional fees provided a fee application is noticed, filed and approved by the court.

If the debtor disputes the legal services provided or the fees charged by the attorney, the debtor may file an objection with the court and set the matter for hearing. The attorney may move to withdraw or the debtor may discharge the attorney at any time.

Dated: 2/12/14          _____
                                    Debtor

Dated: _____     _____
                                    Debtor

Dated: 2/12/14          _____
                                    Attorney for Debtor(s)

4